YAN QING CAO, Petitioner,

v.

Eric H. HOLDER Jr., United States Attorney General,* Respondent.

No. 07–4707–ag.

United States Court of Appeals, Second Circuit.

Aug. 18, 2009.

Robert J. Adinolfi, New York, NY, for Petitioner.

Jeffrey Bucholtz, Acting Assistant Attorney General; Blair T. O'Connor, Senior Litigation Counsel; Sunah Lee, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN and PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Yan Qing Cao, a native and citizen of the People's Republic of China, seeks review of the September 28, 2007 order of the BIA, denying her motion to reopen. *In re Yan Qing Cao*, No. A074 854 953 (B.I.A. Sep. 28, 2007). We assume

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as a respondent in this case.

the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir. 2006). Where the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not err in denying Cao's untimely and number-barred motion to reopen.

■ Cao argues that the BIA erred in concluding that she failed to demonstrate material changed country conditions sufficient to excuse the time and numerical limitation for filing her motion to reopen. However, this argument fails where we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir. 2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion").

■ Further, we reject Cao's argument that the BIA abuses its discretion when it declines to consider evidence that is not in the record merely because it was in the record of a different case. Indeed, it was Cao's burden to present evidence to support her motion. *See* 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 1003.2(c)(1). Nor will this Court remand for the agency to consider extra-record evidence. *Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 269–70 (2d Cir.2007); *see also id.* at 262 (noting that the "regulations set forth procedures to reopen a case before the BIA for the taking of additional evidence"). Cao filed her motion to reopen in April 2007, after this Court decided *Shou Yung Guo,* but she did not submit the so-called *Guo* documents with her motion to reopen. Accordingly, we cannot conclude that the BIA abused its discretion in declining to consider the *Guo* documents. *See id.* at 262.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).